(4 Misc. Rep. 282.)

CASSIANO v. STRANO.

(City Court of New York, General Term. June 19, 1893.)

NEW TRIAL—SURPRISE—ABSENCE OF WITNESSES.

Where a party allows a cause to go to the jury without objection, he cannot afterwards, on a motion for a new trial, claim that he was surprised by the absence of witnesses.

Appeal from special term.

Action by Diglia Cassiano against Salvatore Strano. From an order made on the 1st day of April, 1893, denying defendant's motion for a new trial on the ground of surprise, defendant appeals. Affirmed.

Argued before McGOWN and VAN WYCK, JJ.

E. Ellery Anderson, for appellant.

Robert Greenthal, for respondent.

McGOWN, J. This action was tried before the court and a jury on the 20th day of January, 1893, and resulted in a verdict in favor of the plaintiff for the amount claimed, $954, and a judgment entered therein on the 24th day of January, 1893. No exceptions were taken by the defendant during the whole of the trial, and the defendant's case on appeal did not present any question of law. The whole case depended upon the facts, and it was simply a question of fact for the jury. The amount claimed by plaintiff was $800 and interest, claimed to be due the plaintiff under an agreement alleged in the complaint to have been made between the plaintiff and defendant, bearing date the 11th day of July, 1888, which was admitted in evidence on the part of the plaintiff, (marked "Plaintiff's Exhibit No. 1.") The interest was admitted to be $154. By consent of plaintiff's attorney the answer was amended upon the trial, by setting up that there was a further agreement made between the parties on July 12, 1888. The alleged surprise which is now claimed by the appellant consists of the statement that defendant did not produce upon the trial two .persons, whom it is now alleged were witnesses to the agreement alleged to have been made by the plaintiff and defendant on July 11, 1888. The defendant and his witness, Canale, testified as to the execution by the plaintiff of the

agreement last referred to, while the plaintiff testified that she did not execute the agreement, and this was the only evidence as to the execution of such agreement, and upon which the jury passed, finding by their verdict that the plaintiff did not execute the paper referred to.    Defendant now claims that there were two witnesses to the agreement, whose testimony, had they been present in court, would have supported that of the defendant and his witness, Canale.    Defendant allowed the case to go to the jury, after the testimony had closed, upon the testimony, and claimed no surprise at any testimony offered on the part of the plaintiff until he made his motion to set aside the verdict, on the 9th day of February, 1893.    He did not ask for the withdrawal of a juror, or for the postponement of the trial, on the ground of surprise.    The trial justice states in his opinion that "when the testimony was all in, it being about 6 P. M., he volunteered to adjourn the trial until the following morning, when, if desirable, defendant's counsel could have on hand the other two witnesses; but at the urgent request of defendant's counsel, seconded by plaintiff's consent, I consented to allow both counsel to sum up, and allowed each of them all the time they deemed proper.    I then charged the jury, who retired, and returned within a short time, with a verdict in plaintiff's favor."    That then defendant's counsel claimed no surprise, but simply made the usual motion for a new trial, restricting the same to the ground set forth in section 999 of the Code, and moved for a stay, and time to serve a case on appeal.    The trial justice charged the jury that, if the agreement of July 12, 1888, "was actually made by plaintiff, then her claim herein, because of certain facts disclosed at the trial, would be reduced to $220, and no greater verdict than for said amount could be rendered."    No objection or exception was taken to the charge.    The evidence of these two witnesses would only be cumulative, as sustaining the evidence of the defendant and his witness, Canale.    Defendant and his witness, Canale, testified to all the matters that these two witnesses could have testified to; that is, as to the execution of the agreement of July 12, 1888, by the plaintiff.    Defendant took his chances of success; and, the jury having found against him, and having by their verdict found that the plaintiff did not execute the agreement of July 12, 1888, now asks to have another jury pass upon the same question. The law bearing upon this question is well settled.    The plaintiff would have been entitled to a verdict upon the conceded facts for at least the sum of $220, and when a jury return their verdict upon the whole evidence for more than the amount conceded by defendant the courts should not interfere with such verdict, when the verdict is justified by the evidence.    In Messenger v. Bank, 6 Daly, 190, a similar question arose as to the indorsement of a check by one Arthur, and in which a verdict was rendered for the defendant. Plaintiffs claimed that they were surprised at the testimony of one Rutherford as to said indorsement, and that one Dana, who had been defendant's witness on a former trial, and whose testimony

on that trial was inconsistent with what was sworn to by Ruther-
ford, had been prevented by the defendant from appearing as
a witness. The application for a new trial was denied. Daly,
C. J., before whom the motion was made, in his opinion therein
says, (at page 193:)

"The rule originally was that, if one of the plaintiffs was taken by sur-
prise, his only remedy was to submit to a nonsuit," citing Harrison v. Har-
rison, 9 Price, 89. "'I have no doubt,' said Baron Wood, in the case cited,
'that the plaintiff was taken by surprise;' but, he adds, 'he should have re-
quested to be nonsuited, that he might have come better prepared for another
action; but he chose, notwithstanding, to go on, and take the chances of
a verdict by letting the case go to the jury, in the hopes, perhaps, that they
would disbelieve the defendant's witnesses. It would become a common
course on all occasions of failures if this were to be tolerated, for a plaintiff,
instead of choosing to be nonsuited, as he ought to have done in this case,
for that is the only proper course, to try first what the jury will do for him,
and, if he should fail, he will then apply to the court for a new trial. It
is impossible to listen to such an application.'"

On appeal to the general term from the order denying the mo-
tion for a new trial the order was affirmed by all the judges sitting
at general term concurring. Robinson, J., writing the opinion
therein, adopts the rule as stated by Baron Wood, hereinbefore
recited. The order appealed from must be affirmed, with costs to
the respondent.